**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:14-cv-03279-WJM-CBS

CHRISTINE S. BROWN,

      Plaintiff,

v.

JOHNSON & JOHNSON,
ORTHO-MCNEIL PHARMACEUTICAL, INC., AND
JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT, LLC,

      Defendants.

---

**STIPULATED CONFIDENTIALITY ~~AGREEMENT~__ORDER__**

---

Pursuant to this Stipulation, Plaintiff *pro se* and Defendants through their counsel, agree, and the court ORDERS as follows:

1. Plaintiff, proceeding *pro se*, and Defendants through their counsel (the "Parties"), stipulate and agree that this Stipulated Protective Order of Confidentiality and any designation of a document, material or information (whether written, graphic, or electronic) as being a "PROTECTED DOCUMENT" subject to this Stipulated Protective Order of Confidentiality is intended solely to facilitate the preparation and trial of this case.

2. This Stipulated Protective Order of Confidentiality shall not be construed as a waiver by any Party of the right to contest the designation of documents as "PROTECTED" under this Stipulated Protective Order of Confidentiality. Any Party desiring to contest the protected designation of specific documents as "PROTECTED" shall give the producing party notice in writing including the bates number and/or specific description of any such document.

Unless the producing party agrees to remove the designation of "PROTECTED" on the documents which are the subject of the contest, the Parties shall meet and confer and make a good faith effort to resolve the dispute within fifteen (15) days of such notice. If, after 15 days, no resolution is achieved, the producing party shall promptly request a hearing and file any necessary moving papers expeditiously. Pending a Court determination, no document designated as "PROTECTED" under this Order shall be disseminated other than as provided by this Order unless otherwise ordered by the Court or as stipulated by the Parties.

3.   The Parties, and law firm(s) appearing as their counsel of record, may use the documents and materials produced by persons subject to this Stipulated Protective Order of Confidentiality as the preparation of this case and trial may reasonably require, but in so doing shall disclose such documents or materials only to such persons, including Parties, their employees, counsel of record and their employees, insurers and their employees, and witnesses, and prospective witnesses, including testifying and consulting experts, involved in the litigation process who must have the information from such documents and materials for purposes of preparation of this case and trial, except that Johnson & Johnson and Ortho-McNeil Pharmaceutical, Inc. may make available to the Food and Drug Administration (FDA) or any other governmental agency any documents or materials for inspection by, a governmental agency, and/or submitted to a governmental agency pursuant to said agency's specific request.

4.   Any Party and/or expert may render any document and/or material produced by itself or any other Party in response to a written discovery request "PROTECTED" and restricted and subject to the terms and prohibitions of this Stipulated Protective Order of Confidentiality by designating such document or material as herein provided. Designation shall be made by affixing to the documents, electronic material, or written response the words:

"PROTECTED DOCUMENT. DOCUMENT SUBJECT TO PROTECTIVE ORDER."

The legend shall be affixed to each page of material to be designated, but shall not obscure any part of the text. A designation shall subject the document or material, and its contents, to this Stipulated Protective Order of Confidentiality without any further act on the part of the person desiring confidentiality.

No Party or expert shall designate a document as a "PROTECTED DOCUMENT" pursuant to this Stipulated Protective Order of Confidentiality unless that Party has a good faith belief that the document contains or may contain or constitute a trade secret, or other confidential or proprietary research, development, manufacturing, or commercial or business information. Documents designated as "PROTECTED DOCUMENT" may include, but are not limited to the following: patient names; proprietary licensing, distribution, marketing, design, development, research, and manufacturing information regarding products and medicines, whether currently marketed or under development; clinical studies, information concerning competitors; production information, personnel records and information; and financial information. Each Party will make a good faith effort not to mark any material as a "PROTECTED DOCUMENT" that is otherwise in the general public domain.

Any information which is designated "PROTECTED" shall be immediately and at all times hereafter maintained and kept confidential, as subject to this Stipulated Protective Order of Confidentiality.

5.  Prior to dissemination of any information from documents or materials that are protected or subject to this Stipulated Protective Order of Confidentiality, to any witness, prospective witness or other person, counsel so disseminating shall maintain in a log, the name, address, place of employment and employment capacity of each such person who is to receive

such information and shall obtain and maintain a copy of this Order with respect to each such person who has executed the undertaking set out in paragraph 11 *infra.*

6. The Parties of record have the right to have persons present in the inspection room at all times during the other Party's inspection of any original documents and materials produced pursuant hereto. The original documents and materials produced under the terms of this Stipulated Protective Order of Confidentiality shall remain in the custody and control of the producing party at all times.

7. Absent Court Order to the contrary, all documents and materials, and copies of documents and materials subject to this Stipulated Protective Order of Confidentiality shall be returned and surrendered to the producing party or person upon the conclusion of the case. The Parties shall make a reasonable effort to retrieve any document or information subject to this Order from any Party or non-Party witness to whom such information has been given, and shall notify the producing party of the failure to retrieve any such information. Such notification shall include descriptive detail of any document or material not returned.

This Stipulated Protective Order of Confidentiality shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Order, in perpetuity, and the Court shall not be divested of jurisdiction of any person or of the subject matter of this Order by the occurrence of conclusion of this case, or by the filing of a notice of appeal, or other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

8. No person who examines any item produced pursuant to a discovery request and the information of which is protected by this Stipulated Protective Order of Confidentiality shall

disseminate orally, or by any other means, any protected information other than as permitted by this Order.

All portions of deposition transcripts that relate to information protected by this Stipulated Protective Order of Confidentiality shall be kept confidential. Any Party may designate specific pages as confidential by written notification to all Parties within 15 days of the receipt of the written deposition transcript. If any Party wishes to contest the designations being marked confidential, the procedures outlines in paragraph 2, supra, shall apply. Such designated portions will be kept confidential, shall not be made a part of the public record, and may, if requested, be separately transcribed. If any Party intends to offer a protected document into evidence, that Party shall notify the Party asserting confidentiality, and the Party asserting confidentiality shall so notify the Court and the Court will then consider what steps, if any, should be taken to protect the Confidential Information. ~~The Party offering such evidence shall have no responsibility to notify the Court as to the claim of confidentiality.~~

~~9.~~ All documents filed with the Court that contain Confidential Information, including any briefs, affidavits, exhibits, deposition transcripts or other materials, ~~shall be filed under seal in accordance with the Section VI.6.1.B of the Electronic Case Filing Procedures for the United States District Court for the District of Colorado. Specifically, documents filed under seal~~ should be accompanied by a Motion to Seal the Documents. ~~and shall be filed using the docket event "Sealed Document." The Parties understand that the docket entry for such filings will be available for public inspection but that the sealed documents will not be viewable.~~ Accordingly, the Parties agree that Confidential Information will not be included in the title of a filed document. ~~The Parties further understand and agree that sealed documents cannot be served through the court's electronic notice facilities. Instead, service should be made in accordance~~

5

~~with the Federal Rules of Civil Procedure and a certificate of mailing must be attached to the filed document.~~ <u>To the extent that a Party seeks to restrict access to any material, it must comply with D.C.COLO.LCivR 7.2.  A Party's designation of confidentiality or "PROTECTED" and/or the Parties' agreement that a document should be restricted are insufficient to establish that restriction is proper, and nothing in this Order binds the court to restrict access to any document.</u>

10. This Order shall not apply to the use of Confidential Information at the trial of this matter. The Court will determine appropriate measures to preserve the confidentiality of Confidential Information used at trial at the appropriate time.

11. Each person examining any protected documents or information pursuant to this Stipulated Protective Order of Confidentiality shall sign a copy of this order thereby agreeing to submit himself or herself to the jurisdiction of this Court, to be bound by this Order, and to keep all information received confidential as herein provided.

12. References to person in this Stipulated Protective Order of Confidentiality shall be taken and construed to refer to natural persons, and to corporations and other entities.

DATED: July 30, 2015                                BY THE COURT:

                                                    s/ Nina Y. Wang
                                                    United States Magistrate Judge

6

Dated this 23rd day of July, 2015.

                                                                                     TUCKER ELLIS LLP

| */s/ Christine S. Brown* | */s/ Christina M. Huszcza* |
|---|---|
| Christine S. Brown | Christina M. Huszcza |
| | Metropoint I, Suite 1325 |
| **Plaintiff,** *Pro Se* | 4600 S. Ulster Street |
| | Denver, CO 80237 |
| | Telephone: 720.897.4400 |
| | Facsimile:  720.222.5242 |
| | E-mail:  christina.huszcza@tuckerellis.com |

                                                                                   *Attorneys for Defendants*
*Johnson & Johnson, Ortho-McNeil Pharmaceutical, Inc., and Johnson & Johnson Pharmaceutical Research and Development, LLC.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 23rd day of July, 2015, I presented the foregoing **STIPULATED CONFIDENTIALITY AGREEMENT** to the Clerk of Court for filing and uploading to the CM/ECF system, and by depositing a true and correct copy of same in the United States Mail, postage pre-paid, addressed to the following:

Christine S. Brown
2800 West 103rd Avenue
Apt. 1512
Federal Heights, CO 80260
*Plaintiff pro se*

*/s/  Wanda Potthoff*