**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-3279-WJM-NYW

CHRISTINE S. BROWN,

    Plaintiff,

v.

JOHNSON & JOHNSON,
ORTHO-MCNEIL PHARMACEUTICAL, INC.,
JOHNSON & JOHNSON RESEARCH AND DEVELOPMENT, LLC,

    Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

Plaintiff Christine Brown ("Brown"), appearing *pro se*, brings this lawsuit against Defendants, alleging that they are liable for the injuries she claims to have suffered from the prescription drug Levaquin. (ECF No. 40.) Before the Court is all Defendants' Motion for Summary Judgment, filed January 15, 2016. (ECF No. 46.) Under D.C.COLO.LCivR 56.1(a) and Federal Rule of Civil Procedure 6(d), Brown's response was due on February 8, 2016. Brown filed nothing on that date and has not since filed anything. Defendants' counsel represents that she e-mailed Brown in this regard on February 17, 2016, but received no response. (See ECF No. 47-1.) And, earlier today, Defendants filed a proposed pretrial order in which they stated that Brown did not respond to their attempts to contact her regarding that filing. (*See* ECF No. 48 at 1.) It appears, therefore, that the Court may deem Defendants' Motion unopposed. Nonetheless, this Court may not grant an unopposed motion for summary judgment

unless the moving party has first met its burden of production and demonstrates it is legally entitled to judgment under Rule 56.  *See Reed v. Bennett*, 312 F.3d 1190, 1194–95 (10th Cir. 2002).  Accordingly, the Court will proceed to evaluate whether Defendants have met the Rule 56 standard for summary judgment in their favor.

Defendants' primary argument is that Brown cannot prove the element of "specific causation."  (ECF No. 46 at 10–14.)  The specific causation inquiry asks "whether a substance caused a particular individual's injury" (as opposed to general causation, which inquires "whether a substance is capable of causing a particular injury or condition in the general population").  *In re Breast Implant Litig.*, 11 F. Supp. 2d 1217, 1224 (D. Colo. 1998).

Defendants claim that Brown cannot prove specific causation because medical causation requires expert testimony and Brown has disclosed no relevant testimony on specific causation.  Her only expert disclosure—which she proffered without excuse one month after her deadline to do so—only lists experts that others listed in the MDL proceeding from which Brown's case was eventually severed.  (*See* ECF No. 46-7.)  At most, these experts could testify about general causation.  None of them has examined Brown or her medical records, and therefore none could testify about specific causation.

Summary judgment is appropriate if the movant can demonstrate that the respondent lacks sufficient evidence on an essential element of the respondent's claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  The Court agrees with Defendants that Brown lacks sufficient evidence on the essential element of specific causation.  Although not all medical causation questions require expert testimony,

courts allow lay testimony on this question only "in cases where causation is fairly obvious." *Llewellyn v. Ocwen Loan Servicing, LLC*, 2015 WL 2127892, at *3 (D. Colo. May 5, 2015). This is not one of those cases. Brown claims tendon injuries that appear to have developed gradually over many years. (*See* ECF No. 46 at 4–7.) Moreover, these injuries were allegedly caused by chemicals working within her body. A lay jury does not have the competence to conclude, based on everyday experience, that Levaquin in fact caused Brown's injuries. Thus, Brown's lack of specific causation expert testimony leaves her unable to prove an essential element of her case, and summary judgment is appropriate on Brown's product liability causes of action, *i.e.*, Claims 1–4 of her Amended Complaint (ECF No. 40).

Brown's Claims 5–7 assert fraud, unfair and deceptive trade practices, and unjust enrichment, but all rely on the assumption that Levaquin caused Brown's injuries. In consequence, summary judgment is likewise appropriate on these claims. Summary judgment is therefore granted in favor of Defendants on all claims. In light of this disposition, the Court need not and does not reach Defendants' additional arguments for summary judgment. (*See* ECF No. 46 at 14–19.)

Accordingly, the Court ORDERS as follows:

1. Defendants' Motion for Summary Judgment (ECF No. 46) is GRANTED;
2. Brown's Amended Complaint (ECF No. 40) is DISMISSED WITH PREJUDICE;
3. The Clerk shall enter judgment in favor of Defendants and against Brown in accordance with this order, and shall terminate this case. The parties shall bear their own attorneys' fees and costs.

Dated this 9th day of March, 2016.

BY THE COURT:

_____
William J. Martínez
United States District Judge